UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JUAN CARLOS RODRIGUEZ
GARCIA,

      Petitioner,

v.                                                                    Case No: 2:15-cv-735-FtM-29CM

CLAUDIA CAROLINA TERCERO
PADILLA,

      Respondent.

## ORDER

This matter comes before the Court upon review of Petitioner's Motion to Compel Discovery Concerning Respondent's and her Children's Immigration Proceeding (Doc. 23), filed on February 10, 2016. On February 29, 2016, Respondent filed her response in opposition. Doc. 28. For the reasons that follow, the motion is due to be granted.

### Background

On November 30, 2015, Petitioner Juan Carlos Rodriguez Garcia ("Father") filed a Verified Petition for Return of Minor Children to Honduras and Request for Issuance of Show Cause Order. Doc. 1. The Petition was filed pursuant to the Convention on the Civil Aspects of International Child Abduction ("Hague Convention"), Oct. 25, 1980, T.I.A.S. No. 11,670 1343 U.N.T.S. 97, reprinted in 51 Fed. Reg. 10,493 (Mar. 26, 1986), and the International Child Abduction Remedies Act, ("ICARA") 22 U.S.C. § 9001 *et seq.* The Father alleges that on or about June 28,

2014, Respondent Claudia Carolina Tercero Padilla ("Mother") absconded with the parties' two children from their habitual place of residence to Florida. Doc. 1 at 3. The Father alleges that the children's habitual place of residence at the time of removal was Honduras. *Id.* The Father thus seeks the return of the children to Honduras. *Id.* The Father's Petition states that the Mother illegally entered the United States with the children. *Id.* at 7-8. Further, he alleges "[u]pon information and belief, the Mother and the [c]hildren are in the United States illegally and are subject to deportation proceedings." *Id.* at 8 ¶ 38 ("paragraph 38 allegation"). The Father's Petition contemplates that the Mother will argue that the children should not be returned to Honduras because they have been in the United States for more than one year since the removal and are now settled in their new environment. Doc. 1 at 12. He advances several arguments against this exception, one of which is that "the [c]hildren cannot be settled in Florida given that they and the Mother are subject to deportation proceedings that may result in their return to Honduras at any time." *Id.* ¶ 59 ("paragraph 59 allegation").

On January 4, 2016, the Mother filed her verified Answer. Doc. 11. In her Answer, the Mother states that on or about June 28, 2014, she fled Honduras. *Id.* at 2. In response to the paragraph 38 allegation, she states that "[the Mother] and her children are bound over in removal proceedings, with pending applications for durable relief and lawful status before the Immigration Court. They are not subject to any order of removal." *Id.* at 11. In her response to the paragraph 59 allegation, she responds that "[the Mother] and [the] children have significant ties to Florida,

and have been living in the same community, Cape Coral, for a year and a half. They have a durable form of relief available to them in their pending Immigration Court proceedings, and are pending a final hearing on the matter." Doc. 11 at 14.

On January 14, 2016, the Father served his First Set of Interrogatories ("Interrogatories") and his First Request for Production of Documents ("Request for Production") on the Mother. Doc. 23 at 2. The Father seeks to compel the Mother to respond to three interrogatories to which she objected, and to comply with one request for production of documents. *Id.*

### A. Motion to Compel Responses to Interrogatories

Rule 33 of the Federal Rules of Civil Procedure allows a party to serve on another party written interrogatories that relate to "any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a). Rule 26(b) permits discovery

> regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery, in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Relevancy is determined based on the "tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action." Fed. R. Evid. 401. A written response or objection to an interrogatory is due within thirty days after the service. Fed. R. Civ. P. 33(b)(2). An objection is waived if not made timely "unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(3). A party objecting to an

interrogatory must state "with specificity" the grounds for such objection. Fed. R. Civ. P. 33(b)(4). Furthermore, "[a] party resisting discovery must show specifically how ... each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive. . ." *Panola Land Buyer's Assn. v. Shuman*, 762 F.2d 1550, 1559 (11th Cir.1985) (*citing Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). An evasive or incomplete answer or response must be treated as a failure to answer or respond. Fed. R. Civ. P. 37(a)(4). When a party fails to answer an interrogatory, the party seeking the discovery may move to compel the response. Fed. R. Civ. P. 37(a)(3)(B)(iii).

The interrogatories and the Mother's responses as outlined by the Father are set forth below.

### Interrogatory 7:

Describe with particularity how Respondent and the Children traveled from Honduras to Cape Coral, Florida, including dates, locations, the method of travel, where and with whom the Children stayed during travel, how and with whom the travel arrangements were made and conducted, any money or other services provided in exchange for assistance with travel, all persons involved in the trip from Honduras to Cape Coral, Florida, and any incidents or hardships that occurred along the way, including but not limited to any interactions with any police or agency personnel.

### Response:

Objection. Respondent and Children are bound over in Immigration Court removal proceedings predicated on allegations that they entered the United States without inspection. Respondent respectfully declines to answer the interrogatory, asserting her 5th amendment privilege against self-incrimination.

**Interrogatory 8:**

Describe with particularity all Respondent's applications, communications and current status relating to Respondent and Children's immigration status.

**Response:**

Respondent objects to this interrogatory in that it appears to call for the production information containing or reflecting the mental impression, conclusions, opinions and/or legal theories of any attorney for Respondent, such information is protected by the attorney work product doctrine. Respondent further objects to the interrogatory on the grounds that it is vague, overbroad, and subject to varying interpretations.

**Interrogatory 9:**

Describe with particularity the type of relief Respondent or the Children are seeking in immigration proceedings in the United States and identify all grounds for seeking relief.

**Response:**

Respondent objects to this interrogatory in that it appears to call for the production (sic) information containing or reflecting the mental impression, conclusions, opinions and/or legal theories of any attorney for Respondent, such information is protected by the attorney work product doctrine. Respondent further objects to this interrogatory on the grounds that the identity and content of Respondent and Children's application(s) for relief may be confidential under federal law and regulation, including but not limited to the Immigration and Nationality Act. Petitioner's counsels have requested via email that Petitioner be provided with any asylum applications if any were filed with the government. If respondent or children did apply for asylum such disclosure would be prohibited under the confidentiality provisions (sic) 8 CFR 208.6.

Doc. 23 at 2-3.

On February 4, 2015, twenty-one days after service of the interrogatories, the Mother served her "Preliminary Responses and Objections to Petitioner's First Set of Interrogatories."   Doc. 23-2.   On February 9, 2016, she served her

"Supplemental/Amendatory Responses and Objections to Petitioner's First Set of Interrogatories." Doc. 23-3. The Father argues that the Mother waived her opportunity to object because she failed to respond or object to her interrogatories "after the January 24, 2016 deadline." Purusant to Fed. R. Civ. P. 33(b)(2), the Mother had thirty days within which to file her responses or objections, unless a "shorter or longer time [was] stipulated . . . or ordered by the court." Nothing in the record suggests that the parties had a stipulation for a shorter time or that there was a court order to this effect.

Objections timely asserted in a party's initial response to discovery requests but not reasserted or argued in response to a motion to compel are deemed abandoned. *Jackson v. Geometrica, Inc.*, No. 3:04CV640J20HTS, 2006 WL 213860, at \*1 (M.D. Fla. Jan. 27, 2006); *DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 681 n. 8 (D. Kan. 2004); *See also Auto Owners Ins. Co. v. Totaltape, Inc.*, 135 F.R.D. 199, 201 (M.D. Fla. 1990) (finding an initial objection abandoned when the response brief to the motion to compel did not discuss the objection). The Mother's response to the instant motion solely discusses the confidentiality objection that she raised pursuant to 8 C.F.R. § 208.6. Thus, the Court finds that the Mother's objections to the interrogatories based on the grounds of work-product doctrine, and that an interrogatory "is vague, overbroad, and subject to varying interpretations" have been abandoned. On this basis, the Father's motion to compel response to Interrogatory 8 is granted.

While the Court deems abandoned the Mother's other objections not reasserted in her response, it will nonetheless consider her objection based on the Fifth Amendment privilege against self-incrimination. Due to the "constitutional grounding of this privilege," courts have distinguished it from other privileges and held that waiver of this privilege in other contexts, such as its untimely assertion, is unwarranted unless there are compelling circumstances. *See Hernandez v. Hankook Tire Am. Corp.*, No. 2:12-CV-03618-WMA, 2014 WL 3052545, at *3 (N.D. Ala. July 3, 2014). In *Hernandez*, the court considered a motion to compel plaintiff to answer deposition questions about her immigration status and to compel plaintiff to produce all names and social security numbers used by her. *Id.* at *1. With regard to the motion to compel plaintiff to answer deposition questions, the court aptly described:

> The Eleventh Circuit has acknowledged that there are " 'some crimes related to immigration violations' " even if "immigration law is more properly classified as regulatory rather than criminal." United States v. Garcia–Cordero, 610 F.3d 613, 618 (11th Cir.2010) (citations omitted). Crimes plausibly related to immigration status include unauthorized entry into the United States, 8 U.S.C. § 1325, falsely representing onself as a citizen of the United States, 18 U.S.C. § 911, and using false identification documents, 18 U.S.C. § 1028. . . . Immigration enforcement may not frequently involve criminal liability in practice, but the Fifth Amendment does not require [Plaintiff] to play the odds if there is "even a remote risk" that she will be prosecuted and her answers "might tend to reveal" that she committed a crime. In re Corrugated Container Anti–Trust Litig., 620 F.2d 1086, 1091 (5th Cir.1980).

*Id.* at *3. The court ultimately denied the motion to compel "to the extent that [plaintiff] asserts her privilege against self-incrimination, but will grant [defendant's] motion to compel to the extent that [plaintiff] can answer questions about her . . .

- 8 -

immigration status without incriminating herself." *Id.* Furthermore, with respect to the discovery requests, in considering whether the plaintiff had waived her constitutional privilege against self-incrimination when she asserted the privilege seven weeks after the discovery deadline, the court held in the negative. In citing Ninth and Tenth circuit precedent, the court recognized that "the constitutional grounding of this privilege makes its waiver by untimely assertion particularly problematic[,] . . . [and] Circuits that have found waiver by untimely assertion have done so in more compelling circumstances[, such as] . . . failing to specifically object to the interrogatories, but . . . wait[ing] fifteen months before asserting the privilege." *Id.* (internal quotations and citations omitted). Thus, for the same analysis employed in *Hernandez* as set forth herein, the Court will grant the Father's motion to compel the Mother to answer Interrogatory No. 7 only to the extent that she can answer it without incriminating herself. In all other respects, it is denied.

With respect to interrogatory 9, the Mother has asserted objections based on the "confidentiality" of her asylum application pursuant to 8 C.F.R. § 208.6 and 8 C.F.R. § 1208.6 and that the "content of [the Mother] and [c]hildren's application(s) for relief may be confidential under federal law." Doc. 23 at 3. Pursuant to these provisions, asylum applications generally are confidential. *See* 8 C.F.R. § 208.6(a)-(b) ("Information contained in or pertaining to any asylum application . . . shall not be disclosed without the written consent of the applicant . . . The confidentiality of other records kept by the Service and the Executive Office for Immigration Review [on related matters] ... shall also be protected from disclosure."); 8 C.F.R. § 1208.6.

The Mother asserts that she has "[not] consented to release of any asylum related information, if any, to the [the Father]." Doc. 28 at 5. As one court has noted,

> the regulation allows waiver of this confidentiality protection upon the written consent of the applicant. 8 CFR § 208.6(a). The significance of the waiver provision is that it confirms that the confidentiality protection belongs to the applicant and that there is no overriding interest of the United States in ensuring that information it obtains through the asylum application process remains confidential.

*Egiazaryan v. Zalmayev*, No. 11 CIV. 2670 PKC GWG, 2012 WL 137574, at *2 (S.D.N.Y. Jan. 12, 2012).

The Mother also argues that "[this] Hague proceeding[] was not convened for the purpose of reviewing any asylum applications. The [Father] is seeking to inappropriately use th[is] Hague Convention proceeding[] to attempt to access confidential Immigration Court information and have a chilling effect on Respondent and Children's pursuit of relief in their immigration proceedings." *Id.* at 6. First, the Court finds the requested information to be relevant to the proceeding at hand. Specifically, the Mother has denied certain allegations in the Father's petition based on her and the children's pending "durable form of relief" in immigration court. Doc. 11 at 11, 14. Furthermore, the Mother has asserted a "well settled" affirmative defense. *Id.* at 17. "The uncertain immigration status of a parent and her child is a factor suggesting that a child is not settled." *Lopez v. Alcala*, 547 F. Supp. 2d 1255, 1260 (M.D. Fla. 2008). Asylum is one of the ways to lawfully stay in the United States, and the likelihood of the asylum application succeeding is relevant to whether the Mother may prevail on her "well settled" defense.

Second, considering that the Mother has asserted a defense that is likely premised on her asylum application or other immigration proceeding, and considering that the confidentiality protection belongs to her, the Mother has pointed to no privilege that exempts these documents from discovery. The Court finds that it would be fundamentally unfair to allow the Mother to rely on evidence of "durable form of relief" purportedly in response to an asylum application in support of the "well-settled" defense, and at the same time withhold the content of the asylum application based on confidentiality protection that belongs to the Mother. In other contexts, courts have recognized a "sword and shield doctrine." See, e.g. *Bradfield v. Mid-Continent Cas. Co.*, 15 F. Supp. 3d 1253, 1257 (M.D. Fla. 2014) ("It is well-established that under the sword and shield doctrine, a party who raises a claim that will necessarily require proof by way of a privileged communication cannot insist that the communication is privileged.) (internal quotations and citations omitted). Behind the sword and shield doctrine is the premise that a party may not use privileged documents to prove a claim or defense, then hide behind the shield of privilege to prevent the opposing party from effectively challenging such evidence. *Cf. Bradfield*, 15 F. Supp. 3d at 1257. By the same rationale, the Mother cannot use information about her immigration proceedings as a sword against the Father's petition seeking return of the children to Honduras, and hide behind the confidentiality of this evidence as a shield to allowing the Father's opportunity to challenge the evidence. *Cf. Egiazaryan*, 2012 WL 137574, at *2 ("it would be fundamentally unfair to permit [plaintiff] to pursue this action for money damages

for impairment of his reputation and his ability to remain in this country and simultaneously withhold the content of his petition for asylum in this country."). For the foregoing reasons, the Father's motion to compel a response to Interrogatory 9 is granted.

### B. Motion to Compel Production of Documents

Rule 33 of the Federal Rules of Civil Procedure sets forth the procedures for obtaining access to documents and things within the control of the opposing party. Fed. R. Civ. P. 34. Rule 34(a) allows a party to serve on any other party a request within the scope of Rule 26(b), as outlined above. Fed. R. Civ. P. 34(a). The request must state "with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). The party to whom the request is directed must respond within thirty days after being served, and "for each item or category, . . . must state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2). Furthermore, "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C). When a party fails to produce documents as requested under Rule 34, the party seeking the discovery may move to compel the discovery. Fed. R. Civ. P. 37(a)(3)(B)(iv). Whether or not to grant an order to compel is at the discretion of the trial court. *Commercial Union Insurance Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir.1984).

In his Request for Production, the Father submitted a total of twenty-one document requests. Doc. 23-4. The Father seeks to compel the Mother to fully respond to the following request:

**Request No. 6:**

All documents and communications concerning the Respondent's and/or the Children's immigration status, including but not limited to, any immigration applications, requests, notices, reports, records of proceedings, case files, hearing transcripts or communications.

*Id.* In her response, the Mother argues that it has already produced various documents pertaining to the Mother and children's immigration proceedings. Doc. 28 at 2. The Mother has attached a composite exhibit of three cover sheets memorializing documents already furnished to the Father. Doc. 28-1. The cover sheets do not include any specific objections to the Father's request No. 6; however, each cover sheet includes a catch-all paragraph at the end of the document which contains the following language, "[the Mother] reserves all confidentiality rights she and her children have under the INA and any other provision of law." Doc. 28-1 at 2, 6, 8. She also asserts that she "does not waive any right to confidentiality." *Id.* Moreover, neither cover sheet states whether any responsive materials were being withheld based on the Mother's assertion of her "right to confidentiality." The Court is not convinced that the nature of the Mothers' responses to the discovery request amount to a specific objection as called for by Rule 34(b)(2). Even if the Mother's responses amounts to a proper objection, the Court nonetheless finds that they are not confidential for the same reasons as discussed in relation to Interrogatory 9. Thus, the Father's motion to compel production of documents is granted.

The Father admits that he "has offered to sign a confidentiality agreement with Respondent that would limit disclosure of such information and documents to this action only, thereby eliminating any potential confidentiality concerns [the Mother] may have." Doc. 4. Under the circumstances at bar, the Court will grant a confidentiality order, to be submitted by the parties, that will prohibit the Father to divulge its contents other than to the parties themselves and their attorneys in this action. Due to the forthcoming discovery deadline, the Mother shall have up to and including March 11, 2015 to serve her responses to the Interrogatories and respond to the document requests in compliance with this order.

ACCORDINGLY, it is hereby

**ORDERED:**

Petitioner's Motion to Compel Discovery Concerning Respondent's and her Children's Immigration Proceeding (Doc. 23) is **GRANTED**. The Mother shall have up to and including **March 11, 2015** to serve her responses to the Interrogatories and respond to the Requests for Production in compliance with this Order.

**DONE** and **ORDERED** in Fort Myers, Florida on this 8th day of March, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record